FILED

2011 May-16  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, National Association,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **2:10-cv-2430-JHH** |
| **VS.** | ) | |
| | ) | |
| **JAMES G. TANNER, III,** | ) | |
| **DEFENDANT.** | | |

## MEMORANDUM OPINION

The court has before it the May 6, 2011 Motion (Doc. #12) for Default Judgment filed by Plaintiff Wells Fargo Bank, National Association ("Wells Fargo"). The Motion seeks a judgment by default, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant James G. Tanner for failure to appear, plead or otherwise defend the instant interpleader action filed by Plaintiff Minnesota Life Insurance Company. For the reasons stated below, the Motion (Doc. #12) is due to be granted.

## I. Procedural History

On September 9, 2010, Wells Fargo filed the instant Complaint (Doc. #1) alleging breach of a promissory note. Although Wells Fargo encountered some difficulty in serving Tanner, (see Doc. # 6), it was finally successful with serving

Tanner with the summons and complaint on February 10, 2011 via special process server.[1] (Doc. # 10.)  Under Federal Rule of Civil Procedure 12, Tanner had twenty-one (21) days after being served with the summons and complaint to serve his answer.  Fed.R.Civ.P. 12(a)(1)(A).  Therefore, Tanner's answer was due by March 3, 2011.  Id.  That date came and went without anything from Tanner.

On May 6, 2011, Wells Fargo filed an Application (Doc. #11) for Entry of Default, due to Tanner's failure to appear, plead or otherwise defend this action.  After reviewing the record and pleadings, the court entered default (Doc. #13) on May 9, 2011.  Wells Fargo's Motion (Doc. #12) for Default Judgment is now before the court.  With the pending Motion for Default Judgment (Doc. #12), Plaintiff seeks a Rule 55(b) default judgment against the Defendant for monetary damages in the amount of $147,084.86, consisting of a principal balance of $121,027.56 and interest of $9,804.05 as of April 6, 2011 (with per diem interest accruing at $10.92 thereafter), $5,026.77 in late fees, attorneys' fees and costs in the amount of $11,226.48, and postjudgment interest at the rate of eight percent (8 %) per annum pursuant to Alabama Code § 8-8-10.  (Id.)

---

[1] The Specially Appointed Process Server certified that he served Tanner at a Burger King at the corner of Lobdell and Jefferson in Baton Rouge, Louisiana.  (Doc. #10.)

2

## II. Discussion

It is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).   That being said, however, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Where, as here, Defendant Tanner has failed to appear, plead or otherwise defend the lawsuit for over three months, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a).  In a variety of contexts, courts have entered default judgment against defendants who have failed to appear and/or failed to defend in a timely manner following proper service of process.  See, e.g., In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp.2d 1287, 1290 (S.D.Ala. 2010); Kidd v. Andrews, 340 F.Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months).   In short, then, "[w]hile

modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party ." Flynn v. Angelucci Bros. & Sons, Inc., 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted). That is precisely what the Defendant has done here. Despite being served with the Summons and Complaint in February 2011, Tanner has declined to appear, plead or otherwise defend, and has thereby stalled the progress of this litigation. Therefore, entry of default judgment is proper under Rule 55 given his failure to appear, plead or defend after service of process.

Because the court concludes that a default judgment is proper, under Rule 55(b), a final default judgment may be entered by the court[2] without a hearing if the claim "is for a sum certain or a sum that can be made by computation" upon the plaintiff's request with an affidavit showing the amount due. Fed.R.Civ. P. 55(b)(1); See United States Artist Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical

---

[2] Although this court permits the Clerk of Court to enter default when appropriate pursuant to Rule 55(a), it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default judgment for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

4

calculation.") (citations omitted).  The affidavit testimony indicates that the monetary damages sought by Wells Fargo are for a sum certain or for a sum which can by computation be made certain, to wit: $135,858.38, consisting of a principal balance of $121,027.56 and interest of $9,804.05 as of April 6, 2011 (with per diem interest accruing at $10.92 thereafter), $5,026.77 in late fees, and postjudgment interest at the rate of eight percent (8 %) per annum pursuant to Alabama Code § 8-8-10.  (See Exh. 1 to Doc. #11; Exh. 1 to Doc. #12.)  Wells Fargo also asks for attorneys' fees and costs in the amount of $11,226.48.  According to the affidavit testimony, this computation is made up of the following: $5,173.18 in hourly fees and expenses billed through February 28, 2011; $53.30 in fees and expenses from March 1, 2011 through May 6, 2011; an estimated billing of $1,000 for the preparation, filing and prosecution of the motion for default judgment; and an estimated $5,000 in attorneys' fees and expenses in connection with the enforcement and collection of any judgment. (Exh. 1 to Doc. #11 ¶¶ 7, 10, 11.)

The court cannot accept the "estimations" regarding the probably fees and expenses as evidence of "a sum certain or for a sum which can by computation be made certain" owed by Tanner to Wells Fargo.  Fed.R.Civ.P. 55(b)(1).  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  Anheuser Busch, Inc. v. Philpot,

317 F.3d 1264, 1266 (11th Cir. 2003); see also Adolph Coors Co. v. Movement

Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that

damages may be awarded on default judgment only if the record adequately reflects

the basis for award); Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th

Cir.2001) (affirming lower court's decision not to award damages on default

judgment, where requested damages were "speculative and not proven by a fair

preponderance of the evidence").   "Rather than merely telling the Court in summary

fashion what its damages are, a plaintiff seeking default judgment must show the

Court what those damages are, how they are calculated, and where they come from."

PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp.2d 1287, 1292 (S.D.Ala.

2010).   The court must abide by its obligations and award the amount adequately

supported by the record.  Therefore, the court will award $5,226.48 in attorneys' fees

and costs, representing the full amount specifically accounted for by the record.

In conclusion, based upon the court's review of the affidavit testimony and its

study of the relevant case law, Wells Fargo's Motion (Doc. #12) for Default

Judgment against Defendant James G. Tanner III is due to be granted, and Wells

Fargo is due to recover from Tanner: $141,084.86, consisting of a principal balance

of $121,027.56 and interest of $9,804.05 as of April 6, 2011 (with per diem interest

accruing at $10.92 thereafter), $5,026.77 in late fees, $5,226.48 in attorneys' fees and

6

costs, and postjudgment interest at the rate of eight percent (8 %) per annum pursuant to Alabama Code § 8-8-10.   The court will enter a final default judgment in favor of Wells Fargo consistent with this memorandum opinion.

     **DONE** this the _16th_ day of May, 2011.


_____
SENIOR UNITED STATES DISTRICT JUDGE